**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

MARTA RIVERA DIAZ,                            :
                                             :
    Plaintiff,                    :          Civil Action No. 09-6471 (SRC)
                                             :
    v.                            :          **OPINION**
                                             :
COMMISSIONER OF SOCIAL                        :
SECURITY,                                     :
                                             :
    Defendant.                    :
_____:

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff Marta Rivera Diaz

("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner")

determining that she was not disabled under the Social Security Act (the "Act").  This Court

exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of

the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's

decision is supported by substantial evidence and is hereby **AFFIRMED**.

## I.  BACKGROUND

    The following facts are undisputed.  Plaintiff was born in 1952.  She has worked as a

presser of clothing.  In 2006, she filed applications for Disability Insurance and Supplementary

Security Income benefits, alleging disability since March 24, 2006.  Plaintiff's claims were

denied by the Commissioner initially and on reconsideration.  Pursuant to Plaintiff's request, a

hearing was held before Administrative Law Judge Donna A. Krappa (the "ALJ").  The ALJ

denied Plaintiff's claim in an unfavorable decision issued on January 9, 2009.  After the Appeals

Council denied Plaintiff's request for review of the ALJ's decision, that decision became final as the decision of the Commissioner of Social Security.  Plaintiff then filed the instant appeal of the Commissioner's decision.

## II.  DISCUSSION

A.    <u>Standard of Review</u>

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g).  This Court must affirm the Commissioner's decision if it is "supported by substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); <u>Stunkard v. Sec'y of Health and Human Services</u>, 841 F.2d 57, 59 (3d Cir. 1988); <u>Doak v. Heckler</u>, 790 F.2d 26, 28 (3d Cir. 1986).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)).  Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance."  <u>McCrea v. Comm'r of Soc. Sec.</u>, 370 F.3d 357, 360 (3d Cir. 2004).  The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision.  <u>See Taybron v. Harris</u>, 667 F.2d 412, 413 (3d Cir. 1981).

The reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder."  <u>Williams v. Sullivan</u>, 970 F.2d 1178, 1182 (3d Cir. 1992), <u>cert.</u> <u>denied</u> <u>sub</u> <u>nom.</u> <u>Williams</u> <u>v. Shalala</u>, 507 U.S. 924 (1993) (citing <u>Early v. Heckler</u>, 743 F.2d 1002, 1007 (3d Cir. 1984)).  If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently."  <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 35 (3d Cir. 2001); <u>see also Hartranft v.</u>

2

Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

In determining whether there is substantial evidence to support the Commissioner's decision, the reviewing court must consider: "(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; (4) the claimant's educational background, work history and present age." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1973). "The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." Sassone v. Comm'r of Soc. Sec., 165 Fed. Appx. 954, 955 (3d Cir. 2006) (citing Blalock, 483 F.2d at 775).

**B.    Standard for Awarding Benefits Under the Act**

The claimant bears the initial burden of establishing his or her disability. 42 U.S.C. § 423(d)(5). To qualify for DIB or SSI benefits, a claimant must first establish that he is needy and aged, blind, or "disabled." 42 U.S.C. § 1381. A claimant is deemed "disabled" under the Act if he is unable to "engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see also Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987). Disability is predicated on whether a claimant's impairment is so severe that he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). Finally, while subjective complaints of pain are considered, alone, they are not enough to establish disability. 42 U.S.C. § 423(d)(5)(A). To demonstrate that a disability exists,

3

a claimant must present evidence that his or her affliction "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically accepted clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

**C.     The Five-Step Evaluation Process**

Determinations of disability are made by the Commissioner, pursuant to the five-step process outlined in 20 C.F.R. § 404.1520.  The claimant bears the burden of proof at steps one through four.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987); Gist v. Barnhart, 67 Fed. Appx. 78, 81 (3d Cir. 2003).

At the first step of the evaluation process, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity.[1]  20 C.F.R. § 404.1520(b).  If a claimant is found to be engaged in such activity, the claimant is not "disabled" and the disability claim will be denied.  Id.; Yuckert, 482 U.S. at 141.

At step two, the Commissioner must determine whether the claimant is suffering from a severe impairment.  20 C.F.R. §§ 404.1520(a)(ii), (c).  An impairment is severe if it "significantly limits [a claimant's] physical or mental ability to do basic work activities."  Id.  In determining whether the claimant has a severe impairment, the age, education, and work experience of the claimant will not be considered.  Id.  If the claimant is found to have a severe impairment, the Commissioner addresses step three of the process.

At step three, the Commissioner compares the medical evidence of the claimant's impairment(s) with the impairments presumed severe enough to preclude any gainful work, listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  See 20 C.F.R. § 404.1594(f)(2).  If a claimant's

---

[1] Substantial gainful activity is "work that involves doing significant and productive physical or mental duties; and is done (or intended) for pay or profit."  20 C.F.R. § 404.1510.

4

impairment meets or equals one of the listed impairments, he will be found disabled under the Social Security Act.  If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to step four.

In Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119-20, 120 n.2 (3d Cir. 2000), the Third Circuit found that to deny a claim at step three, the ALJ must specify which listings[2] apply and give reasons why those listings are not met or equaled.  In Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004), however, the Third Circuit noted that "Burnett does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis.  Rather, the function of Burnett is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review."  (Id.)  An ALJ satisfies this standard by "clearly evaluating the available medical evidence in the record and then setting forth that evaluation in an opinion, even where the ALJ did not identify or analyze the most relevant listing."  Scatorchia v. Comm'r of Soc. Sec., 137 Fed. Appx. 468, 471 (3d Cir. 2005).

Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work.  20 C.F.R. § 404.1520(e).  If the claimant is able to perform his past relevant work, he will not be found disabled under the Act.  In Burnett, the Third Circuit set forth the analysis at step four:

> In step four, the ALJ must determine whether a claimant's residual functional capacity enables her to perform her past relevant work. This step involves three substeps: (1) the ALJ must make specific findings of fact as to the claimant's residual functional capacity; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the residual functional capacity to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant

---

[2] Hereinafter, "listing" refers to the list of severe impairments as found in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5

work.

Burnett, 220 F.3d at 120.  If the claimant is unable to resume his past work, and his condition is deemed "severe," yet not listed, the evaluation moves to the final step.

At the fifth step, the burden of production shifts to the Commissioner, who must demonstrate that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.  20 C.F.R. §§ 404.1512(g), 404.1560(c)(1).  If the ALJ finds a significant number of jobs that claimant can perform, the claimant will not be found disabled.  Id.

When the claimant has only exertional limitations, the Commissioner may utilize the Medical-Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2 to meet the burden of establishing the existence of jobs in the national economy.  These guidelines dictate a result of "disabled" or "not disabled" according to combinations of factors (age, education level, work history, and residual functional capacity).  These guidelines reflect the administrative notice taken of the numbers of jobs in the national economy that exist for different combinations of these factors.  20 C.F.R. Part 404, Subpart P, Appendix 2, Paragraph 200.00(b).  When a claimant's vocational factors, as determined in the preceding steps of the evaluation, coincide with a combination listed in Appendix 2, the guideline directs a conclusion as to whether an individual is disabled.  20 C.F.R. § 404.1569; Heckler v. Campbell, 461 U.S. 458 (1983).  The claimant may rebut any finding of fact as to a vocational factor.  20 C.F.R. Part 404, Subpart P, Appendix 2, Paragraph 200.00(b).

Additionally, pursuant to 42 U.S.C. § 423(d)(2)(B), the Commissioner, in the five-step process, "must analyze the cumulative effect of the claimant's impairments in determining

whether she is capable of performing work and is not disabled." Plummer v. Apfel, 186 F.3d

422, 428 (3d Cir. 1999).  Moreover, "the combined impact of the impairments will be considered

throughout the disability determination process."  42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 1523.

However, the burden still remains on the Plaintiff to prove that the impairments in combination

are severe enough to qualify him for benefits.  See Williams v. Barnhart, 87 Fed. Appx. 240, 243

(3d Cir. 2004) (placing responsibility on the claimant to show how a combination-effects analysis

would have resulted in a qualifying disability).

       D.     The ALJ's decision

In brief, the issue before the ALJ was whether Plaintiff was disabled under the Social

Security Act during the period subsequent to March 24, 2006.  The ALJ examined the record and

determined that: 1) at step one, Plaintiff had not engaged in substantial gainful activity during the

relevant time period; 2) at step two, Plaintiff had status post breast cancer, degenerative disk

disease/arthritis, polyarthralgias, and affective disorder, which were "severe" impairments within

the meaning of the Regulations; 3) at step three, Plaintiff's impairments, singly or in

combination, did not meet or equal an impairment in the Listings; 4) at step four, Plaintiff

retained the residual functional capacity to perform light work, with certain additional specific

restrictions; she was able to perform her past relevant work as a presser, as it is generally

performed in the national economy.  The ALJ concluded that Plaintiff had not been under a

disability, as defined in the Social Security Act, during the relevant time period.

       E.     Plaintiff's Appeal

Plaintiff appeals the ALJ's decision with one primary argument, attacking the ALJ's

formulation of the hypothetical that she posed to the vocational expert.[3]  This argument goes nowhere because, at step four, the ALJ found that Plaintiff retained the residual functional capacity to perform her past relevant work, as it is typically performed in the national economy. Plaintiff is mistaken in arguing that the ALJ reached step five, because the ALJ concluded the analysis at step four.  Apparently, the ALJ asked a vocational expert to testify at the hearing, but did not end up needing to reach step five to arrive at the disability determination.  Whether or not the ALJ erred in composing the hypothetical question posed to the vocational expert is immaterial; the vocational expert's answer to that hypothetical question played no part in the ALJ's decision.  As a result, Plaintiff has no relevant arguments on appeal.

The ALJ relied on the evidence obtained from the vocational expert only insofar as she concluded that the job of presser, as generally performed in the national economy, requires an exertional level of light work.  (Tr. 30.)  Plaintiff does not dispute this fact.  Social Security Regulation 82-61 permits the ALJ to consider past relevant work as it is generally performed in the national economy:

> Three possible tests for determining whether or not a claimant retains the capacity to perform his or her past relevant work are as follows:
>
> . . .
>
> 3.  Whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy.  (The Dictionary of Occupational Titles (DOT) descriptions can be relied upon -- for jobs that are listed in the DOT -- to define the job as it is usually performed in the national economy.)  It is understood that some individual

---

[3] Plaintiff does also argue, in passing, that "the ALJ failed to complete the record as is her duty" by obtaining records of a particular psychiatric hospitalization.  (Pl.'s Br. 12.)  Plaintiff does not articulate, however, how these records would have had a material impact on the determination, nor does Plaintiff present the legal basis for the claim that the ALJ had a duty to obtain these records, or explain how this constitutes reversible error.

jobs may require somewhat more or less exertion than the DOT description.

A former job performed in by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy. Under this test, if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be "not disabled."

The testimony of the vocational expert constitutes substantial evidence that the job of presser, as it is generally performed in the national economy, requires an exertional level of light work.

Plaintiff has not attacked the ALJ's residual functional capacity determination at step four. Nor has Plaintiff challenged the ALJ's determination that, generally, jobs as presser require an exertional level of light work. As a result, this Court has no basis to find error in the ALJ's determination at step four that Plaintiff retains the residual functional capacity to perform her past relevant work, as it is generally performed in the national economy. The Commissioner's decision is supported by substantial evidence and will be affirmed.

### III.  CONCLUSION

For the reasons stated above, this Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

        s/ Stanley R. Chesler
        STANLEY R. CHESLER, U.S.D.J.

Dated: October 6, 2010

9